## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, Matthew R Baugh ("your affiant") a Special Agent with the United States Secret Service ("USSS"), Baltimore Field Office, Baltimore, Maryland, being duly sworn, depose and state the following:

### A. AFFIANT BACKGROUND

1. Your affiant has been employed as a Special Agent with the United States Secret Service since August 2008 currently assigned to the Criminal Investigative Squad in the Baltimore Field Office. Your affiant completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC), Glynco, GA, as well as the USSS Special Agent Training Course at the James J. Rowley Training Center in Beltsville, MD. During this training, your affiant received instruction in Constitutional law governing search and seizure, federal rules of evidence, investigative methods, interviewing, crime scene processing and courtroom testimony as well as specialized investigative training in forgery, counterfeiting and fraud. Your affiant has conducted and/or participated in numerous criminal investigations and has participated in multiple arrests and search warrants related to counterfeit U.S. currency, financial crimes, to include access device fraud, and other white collar criminal activity.

2. As a federal agent, your affiant is authorized to investigate violations of the laws of the United States and is a law enforcement officer with the authority to execute arrest and search and seizure warrants issued under the authority of the United States.

3. This affidavit is made in support of an arrest warrant For:

    Name:    **Steven Lumar Riley**
    DOB:     **08/21/1963**
    Address: **Unknown**

### B. SOURCE OF EVIDENCE

4. Your affiant is familiar with the facts and circumstances of this investigation. The information contained in this affidavit is based upon your affiant's personal knowledge, knowledge obtained during his participation in this investigation, knowledge obtained from other individuals and

information gained through training and experience. Since this affidavit is being submitted for the limited purpose of supporting an arrest warrant, your affiant has not included every fact known to him concerning this investigation. Your affiant has set forth only those facts which he believes are necessary to establish probable cause that the defendant named herein has violated federal wire fraud statute, 18 U.S.C. § 1343, and conspiracy to commit the same, 18 U.S.C. § 1349.

C. **BACKGROUND INFORMATION**

5. Retail merchandise return fraud is a process in which retail merchandise is stolen and then returned at either the same or a different store location without a receipt. The person conducting the return is issued store credit merchandise card for the amount of merchandise being returned. Store merchandise cards can only be redeemed at a branch of the retail chain that issued the cards. (e.g., Home Depot merchandise cards may only be used at Home Depot.)

6. When a store merchandise card is issued, the driver's license information of the individual being issued the credit is manually input by the retail sales associate conducting the returns transaction into the store's computer server. This driver's license information is then, in most cases, transmitted across state lines for approval. For instance, in all Home Depot transactions, the driver's license information is sent to The Retail Equation (TRE) in Irvine, CA for validation and transaction authorization. An approval or denial code is then transmitted back to one of the Home Depot's host servers, and routed back to the requesting store for processing at the cash register.

D. **PROBABLE CAUSE**

7. This investigation has revealed that since January 2011, Steven Lumar RILEY, address unknown, has been involved in a criminal retail merchandise return fraud scheme in Maryland and Virginia, resulting in a loss of greater than $400,000.

8. RILEY, along with others ("OTHERS") stole and returned retail merchandise for the purpose of receiving store merchandise cards. These cards were then sold to co-conspirator John TADROS, who paid the cash equivalent to 50% of the face value of each card purchased.

9. Home Depot records reveal that RILEY and OTHERS used driver's licenses with more than 185 fraudulent returns transactions from January 2011 until April 2012 at that chain alone. These records further indicate a loss of $37,033.51 to associated with the fraudulent returns of RILEY and OTHERS.

10. Home Depot Central Investigations Team (CIT) was able to recover closed circuit TV (CCTV) video footage of RILEY conducting fraudulent returns in numerous Maryland and Virginia store locations. After reviewing this footage, your affiant determined that RILEY is clearly shown conducting fraudulent returns without a receipt.

11. Transactions associated with RILEY were derived from returns transaction utilizing Maryland driver's license number R-400-777-48-653. A subsequent check of Maryland Motor Vehicle Administration (MVA) records confirmed this driver's license to be associated with suspect Steven L. RILEY.

12. On 3/29/2012, Defendant John TADROS conducted a sales purchase transaction at Home Depot Store 2507, located at 9818 Reisterstown Rd, Owings Mills, MD. TADROS used 4 merchandise gift cards to pay for his purchase which totaled $589.53. Merchandise gift card number 149358264700 in the amount of $96.51 was one of the subject merchandise cards used during this transaction. This particular card was initially issued on 3/19/2012 to Steven RILEY in the amount of $198.56 at the College Park, Maryland Home Depot.

13. Your Affiant has conducted interviews of multiple confidential sources with intimate knowledge of this fraud scheme.

    a. During an interview with one source, he/she claimed that he/she and RILEY had been conducted fraudulent retail returns since 2009. The source claimed that his/her main responsibility in this conspiracy was shoplifting merchandise at retail locations while RILEY acted as the main returner of this merchandise to obtain the merchandise gift cards. The source further claimed that he/she and RILEY would employ local neighborhood drug addicts to conduct returns with them using their driver's license. He/she stated that he/she and RILEY would pay these neighborhood addicts between $20-$25 dollars to use their IDs for returns.

    b. A source also stated that once he/she and RILEY had obtained the merchandise gift cards, they were taken to Busy

Bees Convenience Mart, and sold to the owner, John TADROS. He/she elaborated by claiming each card was purchased by TADROS with cash for 50% of the value of the card.

    c. On 6/5/13, your affiant located RILEY at University Medical Center in Baltimore, MD and served him a "target letter," advising him that he was the subject of an ongoing federal investigation. Along with this document, RILEY was also provided a financial affidavit to assist him in obtaining legal counsel to represent him against the charges contemplated by the federal grand jury. RILEY never submitted his affidavit with the Criminal Justice Act administrator, nor responded to the letter in any way whatsoever.

    d. Since this date, the remaining co-conspirators in this case have signed and entered pre-indictment guilty pleas, while RILEY has not made contact with the US Attorney's Office, nor USSS investigators.

E.    **REQUEST FOR ARREST WARRANT**

14.    Based upon the above information, the affiant requests that an arrest warrant be issued for the individual identified as Steven Lumar Riley, for violations of 18 U.S.C. § 1343 (Wire Fraud) and 18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud.)

    I declare, after being duly sworn, that the foregoing is true and correct to the best of my knowledge.

November 27, 2013

_____
Matthew R. Baugh
Special Agent
U.S. Secret Service

Subscribed and sworn before me this 27 day of November, 2013.

_____
The Honorable Beth P. Gesner
United States Magistrate Judge
District of Maryland